**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 07-22594-CIV-MORENO/SIMONTON

INTERNATIONAL PORTFOLIO, INC.,
a Delaware Corporation,

      Plaintiff,

vs.

THE PUBLIC HEALTH TRUST
OF MIAMI-DADE COUNTY, FLORIDA

      Defendant.
_____/

**THE PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY'S MEMORANDUM IN OPPOSITION TO IPI'S PARTIAL MOTION TO DISMISS THE AMENDED COUNTERCLAIM**

      Defendant/Counter-plaintiff the Public Health Trust of Miami-Dade County ("PHT") file this memorandum of law in opposition to International Portfolio, Inc.'s ("IPI") partial motion to dismiss the PHT's Amended Counterclaim and states as follows:

      1.     Plaintiff filed and served a 3 count 92 paragraph Complaint suing the Public Health Trust of Miami-Dade County for breach of contract, breach of implied duty of good faith and fair dealing and for an accounting arising out of a contract between the parties involving 1,244,203 patient accounts.

      2.     Defendant PHT filed an answer and counterclaim.

      3.     The Plaintiff filed an Amended Complaint which added several additional allegations and an additional cause of action and the PHT filed an answer to the Amended Complaint and an Amended Counterclaim alleging breach of contract, recoupment and an accounting.

      4.     In response to the Amended Counterclaim, IPI simultaneously filed an answer to

the Amended Counterclaim and a motion to dismiss the Amended Counterclaim.

5. The subject of the motion to dismiss is the PHT's recoupment claim in Count II regarding Direct Payments under the parties contract and the related subclaim for breach of contract in paragraph 38(G) that is incorporated into Count I.

6. In its answer to the Amended Counterclaim, IPI (purportedly in the alternative) answers and denies the key allegations underpinning the recoupment count in the Counterclaim, namely the allegations of paragraphs 30-34, 38(G) and 44.

## MEMORANUDM OF LAW

### A. The Answer Moots The Motion To Dismiss

IPI answered and denied the paragraphs underpinning the recoupment count but also in the same breath is asking the Court under Rule 12(b)(6) to dismiss the recoupment count for failure to state a claim.

Motions to dismiss for failure to state a claim under Rule 12(b)(6) are required to be filed prior to the filing of a responsive pleading such as an answer. And this means that such motions must be disposed of before an answer is filed. However, once a defendant files an answer, it is procedurally impossible for the Court to rule on the motion to dismiss. *See* 5 Wright & Miller, Federal Practice and Procedure: Civil §1361. Accordingly, IPI's motion to dismiss must be denied as it has already filed an answer and has denied the allegations that underlies the recoupment claim that is the subject of the motion to dismiss.

### B. Contractual Ambiguities Should Not Be Resolved On A Motion To Dismiss .

Where a contract is reasonably or fairly susceptible of different constructions, it is ambiguous, *Commercial Capital Resources, LLC v. Giovannetti,* 955 So.2d 1151, 1153 (Fla. 3d DCA 2007); *Okeelanta Corp. v. Bygrave,* 660 So.2d 743, 747-48 (Fla. 4th DCA 1995), and because interpretation of ambiguous contracts potentially involves questions of fact, *Pope v.*

*Winter Park Healthcare Group, Ltd.,* 939 So.2d 185, 191 (Fla. 5th DCA 2006); *Barone v. Rogers,* 930 So.2d 761, 764 (Fla. 4th DCA 2006)*,* dismissal under Rule 12(b)(6) is inappropriate. *Ventana Hotels & Resorts, LLC v. Havana Libre Hotel, LLC*, 2007 WL 2021940 * 2 (S.D. Fla. July 11, 2007).   Furthermore, "[T]he construction of ambiguous contract provisions is a factual determination that precludes dismissal on a motion for failure to state a claim."*Martin Marietta Corp. v. Int'l Telecomm. Satellite Org.,* 991 F.2d 94, 97 (4th Cir.1992). *See American Color Graphics, Inc.,* 2006 WL 539543, at * 3 (denying motion to **dismiss** breach-of-**contract** claim where termination clause was **ambiguous**).

In this case, IPI asserts a different interpretation of the contractual provision in Section 4.5 that the PHT is relying on its recoupment claim because of IPI's interpretation of Section 2.1 of the agreement.  In its answer, IPI also asserts that there is a mutual mistake regarding Section 4.5 of the agreement.

IPI's reliance on Section 2.1 of the Agreement and its reliance on a mutual mistake theory are fatal to resolution of the recoupment claim on a motion to dismiss.  First, Section 2.1, upon which IPI relies, makes no mention of "Direct Payments" which is the defined term in Section 4.5 that is the subject of the recoupment claim.  A reasonable interpretation of that point is that Section 2.1 does not modify Section 4.5.   Therefore, IPI may not rely on Section 2.1 as a means for undermining the recoupment claim because the recoupment claim involves the defined term of Direct Payments in Section 4.5 which is not even mentioned in Section 2.1

Second, even if IPI's interpretation of Section 2.1 were to cast some doubt on the PHT's interpretation of Section 4.5 (which it should not), that is the classic type of ambiguity that is inappropriate for resolution on a motion to dismiss..  This is further supported by IPI's own allegations in paragraphs 30-33 of its answer that there was a mutual mistake.   Therefore, consistent with the case law that holds that ambiguities in contractual disputes should not be

resolved on a motion to dismiss, *Ventana Hotels & Resorts, LLC v. Havana Libre Hotel, LLC*, 2007 WL 2021940 * 2 (S.D. Fla. July 11, 2007), IPI's motion to dismiss should be denied and the case should proceed on the answer that IPI has already filed.

WHEREFORE, the PHT respectfully requests that IPI's partial motion to dismiss Counts I, II and III be denied.

                Respectfully submitted,

                R. A. CUEVAS, JR.
                Miami-Dade County Attorney
                Stephen P. Clark Center
                111 N.W. 1st Street, Suite 2810
                Miami, Florida  33128

                By: *s/ Eric A. Rodriguez*
                    Eric A. Rodriguez
                    FBN 970875
                    Assistant County Attorney
                    Telephone:   (305) 375-1321
                    Facsimile:    (305) 375-5634
                    E-mail:        ear2@miamidade.gov
                    Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**s/ Eric A. Rodriguez**
Eric A. Rodriguez

## SERVICE LIST
CASE NO. 07-22594-CIV-MORENO/SIMONTON

| | |
|---|---|
| Hirschhorn & Bieber, P.A. | Eric A. Rodriguez |
| Attorneys for Plaintiff | Assistant County Attorney |
| 550 Biltmore Way, PH 3A | E-Mail: ear2@miamidade.gov |
| Coral Gables, FL 33134 | Miami-Dade County Attorney's Office |
| Tel: (305) 445-5320 | Stephen P. Clark Center |
| Fax: (305) 446-1766 | 111 N.W. 1st Street, Suite 2810 |
| jhirschhorn@aquitall.com | Miami, Florida 33128 |
| | Telephone: (305) 375-5151 |
| | Facsimile: (305) 375-5634 |
| | Attorney for Filing Party |
| | No Service |